IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2006 OCT 26  A 9: 22

| | |
|---|---|
| Larry Smith, | ) |
| Plaintiff, | ) CIVIL ACTION NO. 2:06CV966-ID |
| v. | ) JURY DEMAND |
| Hyundai Motor Manufacturing, Inc. | ) |
| Defendant. | ) |

## COMPLAINT

**COMES NOW**, the Plaintiff, Larry Smith, and hereby complains against the Defendant, Hyundai Motor Manufacturing, as set forth herein below.

**I.**

**JURISDICTION**

1.  Plaintiff, Larry Smith, files this Complaint, institutes these proceedings, and invokes the jurisdiction of this Court under and by virtue of 28 U. S. C. 1331, 2201 and 2202 as an action arising under the act of Congress known as Title VII of the **Civil Rights Act of 1964**, as amended, 42 U.S.C. §2000 et seq., and the 1991 Civil Rights Act, to obtain equitable relief, the costs of suit, including reasonable attorneys' fees, and an award of back pay and damages suffered by the Plaintiff, due to the Defendant's discrimination against Plaintiff in his employment due to his race, African-American, and in retaliation for Plaintiff's stand against unlawful employment practices.

2. Plaintiff, Larry Smith, avers that he has pursued and exhausted his administrative remedies. In particular, Larry Smith filed a charge of employment discrimination with the United States Equal Employment Opportunity Commission's Birmingham Office on or about February 24, 2006.

3. The United States Equal Employment Opportunity Commission issued a Notice of Right to Sue and Plaintiff, Larry Smith, received the Notice of Right to Sue on or about August 1, 2006.

## II.

## VENUE

4. Venue is proper in the Middle District of Alabama, since the cause of action of Plaintiff Smith arose in Montgomery County of the Middle District of Alabama and the Defendant Hyundai Motor Manufacturing, Inc. is a business operating in Montgomery County, Alabama during the time period made the subject matter of this Complaint.

## III.

## PARTIES

5. The named Plaintiff, Larry Smith, is a citizen of the United States and of Montgomery County, Alabama, and is over the age of nineteen years. He was an employee of the Defendant's during the subject matter of this complaint.

6. The named Defendant, Hyundai Motor Manufacturing of Alabama, Inc., is a business operating in Montgomery County, Alabama during the subject matter of this complaint.

### IV.

### STATEMENT OF FACTS GIVING RISE TO
### THE PLAINTIFF'S CAUSE OF ACTION

7. Plaintiff Smith began his employment with the Hyundai Motor Manufacturing of Alabama, Inc. on or about April 11, 2005, as a PDI light repair member.

8. Plaintiff Smith successfully completed his thirty (30), sixty (60), and eighty-five (85) day evaluations required during his probationary status with the company.

9. On or about November 28, 2005, Plaintiff Smith was suspended by Scott Weddington, second shift Plant Operations Manager, and subsequently terminated by letter dated December 6, 2005.

10. Plaintiff Smith had no work-related problems prior to November 2005. He performed his job well, stayed to himself, and did not bother anyone. Plaintiff Smith was surprised when Weddington came to him with clinched fists on November 22, 2005.

11. Caucasian employees had committed offenses that violated company policies during the seven months that Plaintiff Smith was employed by HMMA, but were not terminated, as he was

12. The incidents on November 22 and 28 that led to Plaintiff's termination are based upon exaggerations and lies.

13. Plaintiff Smith alleges that the policies are discriminatorily applied at HMMA and that he should not have been terminated.

14. Plaintiff alleges that any reasons given for his termination are

merely pretext and the true reasons are due to race discrimination and retaliation to his opposition to unlawful employment practices.

V.

COUNT ONE

**RACE DISCRIMINATION ; VIOLATION OF TITLE VII**
**42 U.S.C. 2000**

15. Plaintiff Smith repeats, realleges, and incorporates by reference paragraphs 1-14 above, the same as if more fully set forth herein, and further alleges that the Defendant's actions towards her violated her right to be free of race discrimination in employment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42, U.S.C. §2000(e) et seq., and the Civil Rights Act of 1991.

16. As a proximate cause of the Defendant's actions, Plaintiff Smith has been injured and damaged, as set forth in paragraphs above. Smith has lost wages, health insurance benefits, and retirement benefits. In addition, Plaintiff Smith has suffered considerable mental and emotional anguish.

VI.

COUNT TWO

**RETALIATION**

17. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1-16 above, the same as if more fully set forth herein, and further alleges that the Defendant's actions towards him violated his right to be free of discrimination (retaliation) in employment, in violation of Title VII of the Civil

Rights Act of 1964, as amended, 42 U.S.C. §2000(e) et seq., and the Civil Rights Act of 1991.

18.  As a proximate cause of the Defendant's actions, Plaintiff Dickson has been injured and damaged, as set forth in paragraphs above. In addition, Plaintiff Dickson has suffered considerable mental and emotional anguish.

## VII.

## COUNT THREE

## HOSTILE WORK ENVIRONMENT

19.  Plaintiff Smith repeats, realleges, and incorporates by reference paragraphs 1-18 above, the same as if more fully set forth herein, and further alleges that the Defendant's actions towards him violated his right to be free of discrimination in employment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(e) et. seq., and the Civil Rights Act of 1991.

20.  As a proximate cause of the Defendant's actions, Plaintiff Smith has been injured and damaged, as set forth in paragraphs above. In addition, Plaintiff has suffered considerable mental and emotional anguish. implementing the Family and Medical Leave Act to care for her mother.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Smith prays that this Honorable Court grant the following:

 A.  Assume jurisdiction over this action;

 B.  A judgment declaring that Plaintiff Smith was discriminated against

by the Defendant;

C. An injunction requiring the Defendant grant Plaintiff Smith a permanent position with HMMA with all fringe benefits and other rights, including seniority rights to which she would have been entitled, had he not been a victim of discrimination;

D. An award of all court costs and reasonable attorneys' fees, including those incurred for seeking administrative relief;

E. An award of such compensatory damages, including for mental anguish, to which Plaintiff Smith may be entitled;

F. An award of such punitive damages to which Plaintiff Smith may be entitled; and

G. Such further, other, and different relief as the Court may deem appropriate and necessary.

**A TRIAL BY JURY IS REQUESTED**

Respectfully submitted this the 26th day of October 2006.

*/s/ Kathryn Dickey*
Kathryn Dickey (ASB-8797-D57K)
Attorney for Plaintiff Larry Smith

**OF COUNSEL:**
**LAW OFFICES OF**
**KATHRYN DICKEY**
322 Alabama Street
Montgomery, AL 36104
(334) 262-0728
(334) 265-7696  fax

**LAW OFFICES OF**
**JANICE SPEARS-TURK**
5295 Vaughn Road, Suite 11
Montgomery, AL 36116
(334) 274-0883
(334) 272-3031  fax