IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **LARRY SMITH**<br><br>    **Plaintiff,**<br><br>vs.<br><br>**HYUNDAI MOTOR MANUFACTURING, INC.**<br><br>    **Defendants.** | **CIVIL ACTION NO.:**<br><br>**2:06-cv-966-ID-SRW** |

## ANSWER TO COMPLAINT

Comes now the Defendant, Hyundai Motor Manufacturing Alabama, LLC, incorrectly identified in the Complaint as "Hyundai Motor Manufacturing, Inc." (hereinafter "Defendant" or "HMMA"), and answers each paragraph of the Complaint as follows:

1.    Defendant admits that Plaintiff has sought to pursue claims under Title VII of the Civil Rights Act of 1964, as amended (hereinafter "Title VII), but denies that Plaintiff is entitled to any of the relief that he seeks in his Complaint. Defendant denies that it has discriminated against the Plaintiff due to his race, denies that it has retaliated against him, and denies that it has violated Title VII. Defendant denies the remaining allegations of Paragraph One.

2.    Defendant admits that Plaintiff filed an amended charge of discrimination with the United States Equal Employment Opportunity Commission's Birmingham Office on or about February 24, 2006. Defendant denies the remaining allegations of Paragraph Two.

3.    Defendant admits that the United States Equal Employment Opportunity Commission issued a Notice of Right to Sue letter to the Plaintiff on or about July 28, 2006.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph Three and therefore denies them.

4. Defendant admits that venue is proper in the United States District Court for the Middle District of Alabama. Defendant admits that the actions that are alleged to have served as the basis for the Plaintiff's claim occurred in the United States in the Middle District of Alabama, and that Defendant is a business operating in Montgomery County, Alabama. Defendant denies the remaining allegations of Paragraph Four.

5. Defendant admits the allegations of Paragraph Five.

6. Defendant admits that HMMA is a business that operates in Montgomery County, Alabama. Defendant denies the remaining allegations of Paragraph Six.

7. Defendant admits that Plaintiff began his employment with HMMA on or about April 11, 2005. Defendant denies the remaining allegations of Paragraph Seven.

8. Defendant admits Plaintiff received 30-day, 60-day, and 85-day evaluations showing he was meeting job performance expectations. Defendant denies the remaining allegations in Paragraph Eight.

9. Defendant admits that Plaintiff was suspended on or about November 28, 2005. Defendant admits that Plaintiff was notified of his termination by letter dated December 6, 2005. Defendant denies the remaining allegations of Paragraph Nine.

10. Defendant denies the allegations of Paragraph Ten.

11. Defendant denies that any similarly-situated Caucasian employees have violated the same policies to the same degree and severity as Plaintiff during the time he was employed there but were not terminated. Defendant denies the remaining allegations of Paragraph 11.

12. Defendant denies the allegations of Paragraph 12.

13. Defendant denies the allegations of Paragraph 13.

14. Defendant denies the allegations of Paragraph 14.

15. Defendant adopts and incorporates its answers to Paragraphs 1 –14 above as if fully set forth herein. Defendant denies that it has discriminated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964, as amended. Defendant denies the remaining allegations of Paragraph 15.

16. Defendant denies the allegations of Paragraph 16.

17. Defendant adopts and incorporates its answers to Paragraphs 1-16 above as if fully set forth herein. Defendant denies that it has discriminated or retaliated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964, as amended. Defendant denies the remaining allegations of Paragraph 17.

18. Defendant denies that Plaintiff is named Dickson. Defendant denies the remaining allegations of Paragraph 18.

19. Defendant adopts and incorporates its answers to Paragraphs 1-18 above as if fully set forth herein. Defendant denies that it has discriminated against or harassed Plaintiff in violation of Title VII of the Civil Rights Act of 1964, as amended. Defendant denies the remaining allegations of Paragraph 19.

20. Defendant denies that there is any issue in this case regarding the implementation of the Family and Medical Leave Act. Defendant denies the remaining allegations of Paragraph 20.

Defendant denies that Plaintiff is entitled to any of the relief requested in Paragraphs A – G of his Prayer for Relief or to any other relief sought by the Plaintiff.

## ADDITIONAL DEFENSES

In addition to the foregoing, Defendant asserts the following defenses:

### FIRST DEFENSE

The Complaint fails in whole or in part to state a claim upon which relief can be granted.

### SECOND DEFENSE

With regard to any allegations in the Complaint that involve incidents or actions by Defendant alleged to have occurred or that in fact did occur more than 180 days prior to Plaintiff's filing of a charge with the EEOC, said filing was untimely, and the conditions precedent for suit have not been satisfied.

### THIRD DEFENSE

As discovery proceeds, Defendant reserves the right to raise the defense that the Plaintiff has failed to satisfy the statutory conditions precedent to suit.

### FOURTH DEFENSE

Upon discovery of sufficient facts, Defendant reserves the right to raise the defense of "unclean hands" or "after-acquired evidence."

### FIFTH DEFENSE

Plaintiff has failed to mitigate his damages.

### SIXTH DEFENSE

Although Defendant denies Plaintiff's race or supposed exercise of civil rights were determinative or substantial motivating factors in any adverse employment action which may be

found to have occurred, if Plaintiff demonstrates that his protected characteristic was such a factor, in the case of each such decision or alleged adverse employment action, Defendant will show that the same decision would have been reached regardless of the Plaintiff's protected characteristic.

### SEVENTH DEFENSE

With regard to any allegations in the Complaint alleging discriminatory or retaliatory practices of Defendant not specifically contained in the charge that Plaintiff filed with the EEOC or not set out in said charge with the particularity necessary to give Defendant proper notice of the date, place and circumstances of the particular practices alleged to be discriminatory, the conditions precedent for suit under Title VII's hostile work environment and retaliation have not been satisfied.

### EIGHTH DEFENSE

At all times relevant to this suit, Defendant maintained a policy prohibiting unlawful harassment, discrimination or retaliation and allowing Plaintiff to seek redress of any alleged harassing, discriminatory or retaliatory treatment.  Plaintiff failed to make any timely complaint of such alleged treatment, and Plaintiff's claims against the Defendant are thereby barred.

### NINETH DEFENSE

All actions taken in regards to the Plaintiff were based upon legitimate, non-discriminatory and non-retaliatory reasons.

### TENTH DEFENSE

Defendant denies that it has consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to the Plaintiff or has been guilty of any conduct which entitles the Plaintiff to recover punitive damages.

### ELEVENTH DEFENSE

Defendant avers that any award of punitive damages to the Plaintiff in this case would be in violation of the constitutional safeguards provided to the defendant under the Constitution of the United States of America.

### TWELFTH DEFENSE

The Plaintiff cannot establish prima facie cases of discrimination, harassment or retaliation.

### THIRTEENTH DEFENSE

Even if Plaintiff could state a prima facie case of harassment, discrimination or retaliation, he cannot establish that the Defendant's legitimate, non-discriminatory reasons for its actions were a pretext for an intent to discriminate or retaliate against him on the basis of his membership in a protected class or his exercise of his civil rights.

### FOURTEENTH DEFENSE

Plaintiff is barred as a matter of law from recovering for a hostile work environment or harassment based claim because Defendant exercised reasonable care to prevent and promptly correct any harassing behavior, and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise.

### FIFTEENTH DEFENSE

Plaintiff is not entitled to compensatory damages because any emotional distress or mental anguish he allegedly suffered was caused by occurrences other than conduct for which the Defendant is liable as a matter of law.

## SIXTEENTH DEFENSE

Punitive damages are not available because the actions alleged in the Complaint were contrary to the Defendant's policies and good faith efforts to comply with the laws.

## SEVENTEENTH DEFENSE

No action of the defendant proximately caused any injury or damage allegedly suffered by the Plaintiff.

## EIGHTEENTH DEFENSE

The Plaintiff's compensatory and punitive damages claims under Title VII are subject to the limitations imposed by 42 U.S.C. § 1981a.

## NINETEENTH DEFENSE

Some or all of the Plaintiff's claims may be barred by the doctrines of estoppel or waiver.

**WHEREFORE**, having fully answered the Plaintiff' Complaint, Defendant respectfully requests that the Plaintiff' Complaint be forthwith dismissed and Defendant awarded fees and expenses incurred in the defense of this frivolous and vexatious action.

/s/ Brian R. Bostick
TIMOTHY A. PALMER (PAL009)
J. TRENT SCOFIELD (SCO024)
BRIAN R. BOSTICK (BOS015)
**OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.**
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203
(205) 328-1900
brian.bostick@odnss.com
Attorneys for Defendants Hyundai Motor Manufacturing Alabama, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of November 2006, I electronically filed the foregoing Answer to Complaint with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Kathryn Dickey.

/s/ Brian R. Bostick
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205)328-1900
Facsimile: (205)328-6000
brian.bostick@odnss.com