**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **LARRY SMITH,**<br><br>　　Plaintiff,<br><br>v.<br><br>**HYUNDAI MOTOR<br>MANUFACTURING ALABAMA, LLC,**<br><br>　　Defendant. | Case No.:  **2:06-cv-966-ID-SR** |

## **DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW Defendant, Hyundai Motor Manufacturing Alabama, LLC (hereinafter "HMMA"), pursuant to Rule 56 of the Federal Rules of Civil Procedure and the Court's Scheduling Order, and requests that this Court enter summary judgment in its favor on all claims asserted by Plaintiff, Larry Smith.

Defendant submits that it is entitled to summary judgment on all of Plaintiff's claims because, *inter alia*, Plaintiff cannot prove a prima facie case for his race discrimination claim because he cannot prove that he was treated differently than others outside his protected class who engaged in similar misconduct. He cannot point to any persons outside his protected class who displayed multiple incidents of threatening behavior and insubordination within only a number of days and were not discharged. Even if he could prove a prima facie case of discrimination, he cannot dispute HMMA's legitimate, non-discriminatory reasons for its actions (i.e., his unprofessional and insubordinate behavior).

1

Plaintiff cannot prove a hostile work environment claim because: (1) he has not shown that any conduct was directed at him because of his race; (2) the conduct about which he complains was not sufficiently severe or pervasive to affect the terms and conditions of his employment; and (3) HMMA is entitled to prevail upon its affirmative defense as established in <u>Faragher v. City of Boca Raton</u>, 524 U.S. 775 (1998). Plaintiff cannot prove his retaliation claim because he has failed to show that he opposed any conduct made unlawful under Title VII, he cannot demonstrate a causal connection between any complaint and his termination, and, as with his race claim, Plaintiff cannot dispute HMMA's stated reasons for his discharge. HMMA is entitled to summary judgment on all claims.

Defendant submits that the evidence and applicable law compel the conclusion that, even viewing the Plaintiff's allegations in the light most favorable to him, Defendant is entitled to judgment in its favor as a matter of law under the undisputed material facts of this case.

**WHEREFORE**, Defendant respectfully requests that this Court grant this Motion for Summary Judgment, dismiss the Plaintiff's claims with prejudice, and award the Defendant its costs in defending against this action.

/s/ Brian R. Bostick
TIMOTHY A. PALMER (PAL009)
J. TRENT SCOFIELD (SCO024)
BRIAN R. BOSTICK (BOS015)
**OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.**
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203
(205) 328-1900
brian.bostick@odnss.com
Attorneys for Defendants Hyundai Motor
Manufacturing Alabama, LLC

2

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 6th day of November, 2007, I electronically filed the foregoing Defendant's Motion for Summary Judgment with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:  Kathryn Dickey, Janice Spears-Turk.

                                               /s/ Brian R. Bostick
                                               OGLETREE, DEAKINS, NASH,
                                               SMOAK & STEWART, P.C.
                                               One Federal Place, Suite 1000
                                               1819 Fifth Avenue North
                                               Birmingham, Alabama 35203
                                               Telephone: (205)328-1900
                                               Facsimile: (205)328-6000
                                               brian.bostick@odnss.com